IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FURMAN THOMAS** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| v. | : | **NO. 23-CV-1217** |
| | : | |
| **MUGSHOTS.COM** | : | |
| *Defendant* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                                                        MAY 17, 2023

Furman Thomas, an inmate currently housed at SCI Dallas, brings this action against Mugshots.com ("Mugshots") for posting his picture on its website without permission. (*See* ECF No. 1.) Thomas seeks leave to proceed *in forma pauperis*. (ECF No. 6.) For the reasons that follow, Thomas is granted leave to proceed *in forma pauperis* and his Complaint will be dismissed.

## I.     FACTUAL ALLEGATIONS[1]

Thomas' allegations are brief. He claims that on four separate occasions – once each in 2001, 2002, 2004, and 2011 – Mugshots posted his picture on its website without his permission. (Compl. at 5.) ("[M]y picture was put on Mugshots.com without my permission."). Thomas seeks money damages from a "settlement [that] already happened, [that he] never received."[2] (*Id.*)

## II.    STANDARD OF REVIEW

The Court grants Thomas leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the court to dismiss the complaint if it fails to state a claim. Whether a

---

[1] The facts set forth in this Memorandum are taken from Thomas' Complaint. The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] It appears that Thomas may be referring to *Taha v. Bucks County*, Civ. A. No. 12-6867 (E.D. Pa.), ("*Taha*"), a class action with a lengthy history that ultimately resulted in a final settlement in November of 2020. (*See*, *Taha*, ECF No. 427); *see also Taha v. Bucks Cnty.*, No. 12-6867, 2021 WL 534464, at *4 (E.D. Pa. Feb. 12, 2021) (award against Mugshots after hearing on default judgment).

complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Thomas is proceeding *pro se*, this Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). A court may dismiss a complaint based on an affirmative defense when the "defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### III.  DISCUSSION

The legal basis for Thomas' claims is unclear.  Since he used this Court's Prisoner Complaint for Violation of Civil Rights form to prepare his Complaint, it seems possible that Thomas intends to raise a constitutional claim pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court.  (*See* Compl. ECF No. 1.)  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Whether a defendant is acting under color of state law— i.e., whether the defendant is a state actor— depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself."  *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).  "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity."  *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).  "[P]urely private acts which are not furthered by any actual or purported state authority are not acts under color of state law."  *Barna v. City of Perth Amboy*, 42 F.3d 809, 816 (3d Cir. 1994).

Mugshots is a private entity, not a state actor.  Thomas does not allege facts to support there is a "close nexus" between the conduct of Mugshots in posting Thomas' pictures online and

3

the state itself, such that the challenged action can fairly be treated as that of the state. *See Leshko*, 423 F.3d at 339. Thomas also fails to allege that Mugshots exercised traditionally state-like powers nor does he claim that Mugshots had any connection to a state, county, or local government entity. None of Thomas' allegations suggest that Mugshots was operating as anything other than a private actor in posting Thomas' pictures online. Because Thomas has not alleged any basis for concluding that Mugshots is a state actor subject to liability under § 1983, Thomas' constitutional claims will be dismissed with prejudice pursuant to § 1915(e)(2)(B)(ii).

To the extent Thomas is raising claims against Mugshots under state tort law, he has not pled an independent basis for the Court's jurisdiction over those claims.[3] District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which means that "unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010).

---

[3] Because the Court has dismissed Thomas' federal claims, the Court will not exercise supplemental jurisdiction over any state law claims.

Thomas has not alleged the parties' citizenship or an amount in controversy. As such, the Court lacks jurisdiction over any state law claims. In any event, it appears any state law claim implicated by Thomas' allegations would likely be time-barred since the latest alleged violation occurred in 2011, more than a decade ago.[4] (Compl. at 5.) Furthermore, as best the Court can discern, the primary thrust of Thomas' complaint appears to be that he should have received compensation from the 2020 *Taha* class action settlement. Even assuming Thomas was in fact entitled to a monetary award as part of the *Taha* case, this Court has no authority to direct payment to Thomas from a settlement in a different case. To the extent Thomas believes he should have received settlement funds as part of the *Taha* class action settlement, his recourse is to seek clarification in that case.[5]

---

[4] To the extent Thomas claims that Mugshots' unauthorized posting of his picture violated state laws including defamation, false light, invasion of privacy or libel, any such claims are governed by a one-year statute of limitations which has long since expired. *See* 42 Pa.C.S. § 5523(1); *Bolick v. Ne. Indus. Servs. Corp.*, 1221 C.D. 2021, 2023 WL 378845, at *2 (Pa. Commw. Ct. Jan. 25, 2023) (Pennsylvania codified a one-year statute of limitations for all claims sounding in defamation or invasion of privacy.) Pennsylvania's two-year "catch-all" statute of limitations applies to other state tort claims, including intentional infliction of emotional distress, such that those claims would also be time-barred. *See* 42 Pa. Cons. Stat. § 5524(7) (two-year statute of limitations applies to actions "to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter").

[5] The Court expresses no opinion on the merits of any such claims.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Thomas leave to proceed *in forma pauperis* and will dismiss his Complaint.  Thomas' federal claims are dismissed, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  His state law claims are dismissed, without prejudice, for lack of subject matter jurisdiction.  The Court concludes that amendment would be futile because Thomas cannot cure the noted deficiencies in his Complaint.  An Order follows, which dismisses this case.

*NITZA I. QUIÑONES ALEJANDRO, J.*